|1
|2
|3
|4
|5
|6
|7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

|10| JOHN LEWIS,
|11|              Plaintiff,
|12|      v.
|13| FRED MEYER STORES, INC.,
|14|              Defendant.

CASE NO. 13-cv-05151 JRC

ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (*See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 10.)

This matter comes before the Court based on Plaintiff's Motion to Remand Case to State Court. The Court, having reviewed the motion and supporting declarations (ECF No. 9, 9.1 and 9.2) and Defendant's Opposition to Plaintiff's Motion to Remand and supporting declarations (ECF No. 12, 13 and 14), concludes that defendant has met its burden of establishing by a

1  preponderance of the evidence that there is diversity of citizenship between the parties, and that
2  the amount in controversy is likely to exceed $75,000.

3  FACTUAL BACKGROUND

4  This is a personal injury lawsuit in which plaintiff alleges that he was "struck from
5  behind in the right ankle by a freight cart being pushed by a Fred Meyer employee." (ECF No.
6  1, Ex. 1, ¶ 2(b).)  The Fred Meyer store where this incident occurred is located in Salmon Creek,
7  Washington (*id.* at II A).

8  Initially, plaintiff's complaint was filed in Clark County Superior Court on February 12,
9  2013 (ECF No. 1, Ex. 1).  Defendant Fred Meyer removed this case to federal court based on
10 diversity of citizenship (ECF No. 1).  Plaintiff's complaint does not state the amount of
11 plaintiff's claimed damages (ECF No. 1, Ex. 1).  Prior to filing the complaint, plaintiff demanded
12 $128,347.00 to settle his claim (ECF No. 13, Ex. 1, p. 10).

13 Although plaintiff does not dispute that there is diversity of citizenship, plaintiff asserts in
14 his motion for remand that the amount in controversy does not exceed the jurisdictional amount
15 of $75,000 (*see* ECF No. 9, p. 1).  Plaintiff has submitted a declaration acknowledging that the
16 fair value of his claim is less than $75,000 (ECF No. 9-1, p. 1).  Plaintiff also claims that the
17 settlement demand letter addressed to defendant's insurance risk manager should not be
18 considered by the Court for the purposes of determining the amount in controversy (ECF No. 9,
19 p. 3).

20 DISCUSSION

21 When a plaintiff files a complaint in state court and does not specify the amount of
22 damages he is seeking, and defendant removes the case to federal court based on diversity of
23 citizenship, defendant bears the burden of establishing by a preponderance of the evidence: (1)
24

1  that there is complete diversity of citizenship between the parties; and (2) that the amount in

2  controversy exceeds $75,000. *See Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398,

3  403-04 (9th Cir. 1996).

4        As there is no issue raised by the parties regarding diversity of citizenship, and because

5  defendant has presented evidence that there is complete diversity (*see* ECF No. 14), the only

6  issue that remains is whether defendant has proven by a preponderance of the evidence that the

7  amount in controversy exceeds $75,000.

8        Contrary to plaintiff's argument, a settlement letter, although not dispositive, is relevant

9  evidence regarding the amount in controversy. *See Cohn v. Pet Smart, Inc.*, 281 F.3d, 837, 840

10  (9th Cir. 2002). Federal Rule of Evidence 408 does not prohibit the use of settlement offers for

11  purposes of determining the amount in controversy. *Id.* at n. 3. While not conclusive, it may be

12  considered by the court, together with other information, to determine "an honest assessment of

13  damages." *Id*. at 840.

14        Here, plaintiff acknowledges that his treatment plan for his condition related to the injury

15  cost $3,052.10, that he missed one day of a conference with a value of $275, and that his future

16  medical costs, based on a verbal report from a physician was approximately $48,000 to $49,000

17  (ECF No. 9). Therefore, plaintiff's "specials" are in excess of $50,000. An honest assessment of

18  the general damages, including pain and suffering and other non-economic damages, may very

19  well exceed an additional $25,000. This is consistent with plaintiff's settlement demand, in

20  which plaintiff provided an assessment of non-economic damages at $75,000 (ECF No. 13-1, p.

21  10).

22

23        Plaintiff argues that he is now willing to concede that his non-economic damages are not

24  more than $15,000 (ECF No. 9-1, p. 2) and, therefore, that the fair value of his claim is less than

$75,000 (*id.* at p. 1). In two substantially identical cases decided in the Western District of Washington, plaintiff submitted an affidavit after the filing of the removal petition claiming that the amount in controversy did not exceed $75,000 and disclaimed any claim in excess of this amount. *See, Walker v. Fred Meyers Stores, Inc.*, 2012 U.S. Dist. LEXIS 17517*3-4 (W.D. Wash. December 11, 2012); *Garrison v. Merchant & Gould, P.C.,* 2011 U.S. Dist. LEXIS 26367, *3-4 (W.D. Wash. March 10, 2011). Nevertheless, in both cases, it was noted that the amount in controversy is determined at the time of removal and not based on plaintiff's stipulations or affidavits filed after removal (*id.*).

The Court sees no reason to decide otherwise in this case.

For these reasons, plaintiff's motion to remand is DENIED.

Dated this 1st day of May, 2013.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge